IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| SKYWRITER COMMUNICATIONS, INC., <br> 1723 Cloverfield Blvd. <br> Santa Monica, California 90404 <br><br> *Plaintiff,* <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF STATE <br> 2201 C St., NW <br> Washington, DC 20520 <br><br> *Defendant.* | ) <br> ) <br> ) <br> )  Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Skywriter Communications, Inc. ("Plaintiff" or "Skywriter"), hereby brings this Freedom of Information Act ("FOIA") suit pursuant to 5 U.S.C. § 552 to compel Defendant United States Department of State (the "State Department" or "Defendant") to process and produce certain historical public records pertaining to the kidnapping and death of U.S. Ambassador Adolph "Spike" Dubs in Afghanistan.

**JURISDICTION AND VENUE**

1. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Skywriter Communications is a media company. Skywriter's principal, Arthur Kent, is an Emmy Award-winning journalist. Since 1973, Kent has reported for news

1

organizations such as the Canadian Broadcasting Corporation, NBC, BBC News, CNN, TBS, PBS, and A&E's The History Channel. He began reporting the conflicts in Afghanistan in 1980. Kent has previously written a book on the kidnapping and death of U.S. Ambassador Adolph "Spike" Dubs in Afghanistan, which is also the subject of the present FOIA request. Skywriter requires the requested documents to further his research for another book that he is currently researching and writing on the same topic.

4. Defendant United States Department of State is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## STATUTORY BACKGROUND

5. FOIA's basic purpose is to promote and ensure government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

6. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

7. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory

time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii). And it shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*.

8. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)-(D).

9. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

10. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

11. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

12. FOIA provides this Court the authority "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

**THE FOIA REQUEST**

13. On November 15, 2023, Skywriter Communications submitted a FOIA request to the State Department seeking fifteen categories of documents, namely:

> 1. Any and all records related to the 1979 report by Regional Security Officer Charles K. Boles for the DoS Office of Security (SY) of RSO Boles' investigation into the kidnapping and death of Ambassador Dubs completed in the period June and July 1979 (the "original 1979 Boles report").

2. Any and all records related to the delivery of the original 1979 Boles report to the Department of State, and the report's subsequent classification, distribution, handling and review.

3. Any and all records related to any editing done to the original 1979 Boles report.

4. Any and all records related to the creation of a shortened version of the 1979 Boles report, namely the creation of the 1980 documents contained in RG59, Lot 83D135, Box 12, Dubs, Adolph Amb—Afgh, Kidnapping Death—Feb 14, 1979–1980.

5. Any and all records related to the creation of the 17-page unclassified 1980 summary of the original 1979 Boles report.

6. Any and all telegrams (cable or telex message) sent in April and/or May 1979 from U.S. Embassy Kabul to Department of State in Washington, D.C., containing the final conclusions and findings of RSO Charles K. Boles in his investigation of the murder of Ambassador Dubs.

7. The transcript and report of the questioning under hypnosis of RSO Charles K. Boles conducted at the Department of State in late May or early June 1979, together with all supporting documentation and correspondence regarding the decision to subject RSO Boles to forensic hypnosis.

8. Any and all records related to the briefing provided to Ambassador Dubs widow, Mary Ann Dubs, by Department of State officials in the period June to July 1979 on the results of RSO Boles' investigation, which was conducted at State headquarters with RSO Boles and RSS Ronald J. Kelly in attendance.

9. Any and all records related to the retention, handling and present location of the bullets, bullet fragments, clothing and other physical evidence and personal effects recovered from Ambassador Dubs' body, as described in the reports by the Federal Bureau of Investigation Laboratory at Exhibits 27 and 28 of the 1980 documents contained in RG59, Lot 83D135, Box 12, Dubs, Adolph Amb—Afgh, Kidnapping Death—Feb 14, 1979–1980.

10. Any and all letters, cablegrams, memos and other correspondence regarding the orders to classify as "Secret" the text of the original 1979 Boles report and "Confidential" the report's attached exhibits.

11. Any and all letters, cablegrams, memos and other correspondence regarding the distribution, handling and review of the original 1979 Boles report and the report's attached textual and photographic evidence.

12. All documents and correspondence regarding the Department of State's initial promises to provide a copy of the 1979 Boles investigation report to one or

> more committees or subcommittees of Congress, and the Department of State's subsequent failure to do so at any time.
>
> 13. Any and all letters, cablegrams, memos and other correspondence pertaining to amendments or alterations made to the original 1979 Boles report.
>
> 14. The document collections identified as Volumes 1, 2, 4, 5 and 6 on the cover page of the Box 12 Volume 3 records, which were declassified and released to NARA by the Department of State on June 28, 2023;
>
> 15. The still photographic prints taken on or about February 15, 1979 by Sgt. Dennis Wilkins, a member of the Embassy Kabul Defence Attaché team, of room 117 of the Hotel Kabul, the scene the previous day of the killing of Ambassador Dubs.

A copy of this request is attached hereto as **Exhibit A.**

14. This is not Skywriter's first FOIA request to the Department of State related to Ambassador Dubs' death; Skywriter also submitted a FOIA request to the Department of State on September 27, 2021 (FOIA No. F-2021-10749), seeking "the report by RSO Charles K. Boles for the DOS Office of Security (SY) of RSO Boles' investigation into the kidnapping and killing on February 14, 1979 of Ambassador Adolph 'Spike' Dubs …" and all materials appended to the report ("1979 Boles Report"). The Department of State replied roughly two years later, releasing *not* the full, original 1979 Boles investigation report as requested but instead a draft of an edited 1980 version, which omitted the findings and conclusions of the investigator appointed by then-Secretary of State Cyrus Vance: Regional Security Officer Charles K. Boles. The 2021 FOIA request is currently the subject of an administrative appeal by Skywriter.

15. Skywriter also submitted a FOIA request to the National Archives and Records Administration (NARA) for the 1979 Boles Report, which – after Skywriter initiated litigation (Civil Action No. 23-0171 (APM)) – resulted in the release of a different version of the 1980 report received by the State Department. The 1979 report still has not been released. As made clear to the Court in the NARA litigation, RSO Boles' findings and conclusions are central to Skywriter

5

Communications' requests in these matters. Further, information contained in the edited 1980 version of the investigation report necessitates the release of the other records in Skywriter's November 15, 2023 request to the Department of State.

16. Skywriter must seek the materials requested in its 2021 and 2023 requests directly from the Department of State, because it appears that numerous records related to Ambassador. Dubs' death were not transferred to NARA. For example, NARA's website contains declassified cables sent by RSO Boles at Embassy Kabul to the State Department in Washington, D.C. in March 1979, which refer to a "Lessons Learned" report. The cables are published at the following URLs:

https://aad.archives.gov/aad/createpdf?rid=201401&dt=2776&dl=2169

https://aad.archives.gov/aad/createpdf?rid=204738&dt=2776&dl=2169

17. The Lessons Learned report was an "after action review," mandated by the State Department, with contributions from all of the Embassy Kabul departments responsible for responding to the emergency surrounding Ambassador Dubs' death. The declassified cables show the Lessons Learned report was compiled by RSO Boles concurrent with his investigation of the Dubs case. The report was of sufficient sensitivity and importance that the printed original was sent by diplomatic pouch to State Department headquarters on or about April 1, 1979.

18. However, NARA maintained in the prior litigation with Skywriter that this report cannot be located in NARA's archives, despite State's obligations to have transferred the document to NARA many years ago, whether in classified or declassified form.

19. The factual events surrounding the death of Ambassador Dubs have remained a mystery for over forty years, as the identity and aims of the individuals involved in his murder have remained shielded from the public since the late 1970s. It is in the public interest to make information about these events publicly available so that the American public can better understand

the history of foreign relations between Russia, Afghanistan, and the United States. This history is directly relevant to the foreign policy decisions at issue in our current political climate. Mr. Kent seeks these documents so that he can shed light on these events and make this critical information accessible to the public. Time is of the essence in this request, not least because numerous witnesses to the events at issue, including retired U.S. foreign service officers who served under Ambassador Dubs, are now of an advanced age. It is in the interests of the American public and the nation's historical record that these witnesses be given the opportunity to review and comment on the documents requested.

20. Skywriter's November 15, 2023 FOIA request was assigned FOIA tracking number F-2024-01584.

21. The records are in the custody of the State Department.

22. On November 15, 2023, the State Department sent an automated email providing the FOIA request tracking number, and stated that the status of the request was "Received." A copy of this communication from the State Department is attached hereto as **Exhibit B.**

23. The State Department's response to the request was due December 14, 2023.

24. As of the date of this filing, the State Department has not substantively responded to the FOIA requests or produced any responsive documents.

25. The State Department should have provided Plaintiff with the requested documents within the 20-day mandatory period required by 5 U.S.C. § 552(a)(6)(A)(i) for non-expedited requests.

26. To date, the State Department has not provided the documents requested by Plaintiff in its November 15, 2023 request.

27. Plaintiff has a statutory right under FOIA to review and copy the materials

7

requested.

28. The State Department has not responded, as legally required, to the November 15, 2023 request within the statutory time period.

29. The State Department's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I**
**VIOLATION OF FOIA, 5 U.S.C. § 552**
**Failure to Respond to FOIA Requests within the Statutory Time Period**

30. Plaintiff incorporates and re-alleges paragraphs 1-29 as if set forth herein.

31. The State Department is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

32. The State Department has the requested records within its possession, custody, and control.

33. The requested records are not exempt from disclosure under FOIA.

34. The State Department has failed to produce the requested materials within the statutory time period and/or failed to cite to any exemptions that would justify withholding the responsive documents.

35. Plaintiff has a statutory right to the information it seeks and that the State Department has failed to provide, in violation of the State Department's statutory obligations. The State Department violated Plaintiff's rights when it unlawfully failed to timely provide all records that are responsive to Plaintiff's FOIA requests.

36. Plaintiff's activities will be adversely affected if the State Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records

that are responsive to Plaintiff's FOIA requests. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the State Department will continue to violate Plaintiff's rights to receive public records under FOIA. The State Department's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

37. Therefore, the State Department has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

38. Plaintiff has been harmed by the State Department's failure to comply with FOIA.

## COUNT II
## VIOLATION OF FOIA, 5 U.S.C. § 552
## Failure to Produce Records

39. Plaintiff incorporates and re-alleges paragraphs 1-38 as if set forth herein.

40. The State Department is a federal agency, is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

41. The State Department has the requested records within its possession, custody, and control.

42. The requested records are not exempt from disclosure under FOIA.

43. The State Department has failed to produce the requested materials within the statutory time period, and/or failed to issue any determination.

44. Plaintiff has a statutory right to the information it seeks and that the State Department has failed to provide, in violation of the State Department's statutory obligations.

45. The State Department violated Plaintiff's rights when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to

Plaintiff's FOIA requests.

46. Plaintiff's activities will be adversely affected if the State Department continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Plaintiff's FOIA requests.

47. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the State Department will continue to violate Plaintiff's rights to receive public records under FOIA.

48. The State Department's failure to respond to Plaintiff's request within the statutory time period amounts to a constructive exhaustion of Plaintiff's administrative remedies under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

49. Therefore, the State Department has withheld responsive agency records from Plaintiff in violation of FOIA, 5 U.S.C. § 552 (a)(3).

50. Plaintiff has been harmed by the State Department's failure to comply with FOIA.

WHEREFORE, PLAINTIFF respectfully requests the Court:

i. Declare that the State Department's failure to timely respond is an unlawful violation of FOIA;

ii. Order the State Department to make all requested records available to Plaintiff, unredacted and without further delay;

iii. Enjoin the State Department from withholding non-exempt public records under FOIA;

iv. Award Plaintiff its attorneys' fees and costs; and

v. Award such other relief that the Court deems just and proper.

DATED: February 7, 2024                    Respectfully Submitted,

/s/ Christine N. Walz
Christine N. Walz, D.C. Bar No. 996643
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
Tel: (212) 513-3200
Christine.Walz@hklaw.com

Cynthia A. Gierhart, D.C. Bar No. 1027690
Sara J. Benson, D.C. Bar No. 1767612
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 955-3000
Fax: (202) 955-5564
Cindy.Gierhart@hklaw.com
Sara.Benson@hklaw.com